# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **John Fiorentine,** *et al.*<br><br>**Plaintiffs,**<br><br>v.<br><br>**Sarton Puerto Rico, LLC D/B/A IKEA Puerto Rico, a Puerto Rico limited liability company,**<br><br>**Defendant.** | Civil No. 20-1491 (GAG-GLS) |

## ORDER

On April 6, 2021, Plaintiffs filed a motion requesting an order compelling Defendant to produce a log documenting Defendant's message interactions with putative members of the instant Class Action Complaint filed pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"). Docket No. 41 ("Motion to Compel"). Defendant filed an opposition to the Motion to Compel alleging, in essence, that Plaintiffs failed to articulate pre-certification class discovery in the Rule 26(f) Discovery Plan; that discovery cannot be used for soliciting purposes, and that providing the requested information would violate its privacy policies. Docket No. 48. Plaintiffs replied arguing that class and merits discovery is intertwined; that the requested information is routine in putative TCPA class actions, and that Defendant's privacy concerns are addressed in the Protective Order at Docket Nos. 37-38. Docket No. 52.

The District Judge referred the matter to the undersigned for disposition. Docket No. 42. For the reasons discussed below, the Motion to Compel is **GRANTED.**

### I. BACKGROUND

On November 13, 2019, Plaintiffs John Fiorentine and Kim Kravitz, on behalf of themselves and all others similarly situated, filed a Class Action Complaint against Defendant Sarton Puerto Rico LLC for alleged violations to the TCPA. Plaintiffs sustain that Defendant engaged in unsolicited marketing and, in doing so, harmed thousands of consumers in

contravention to the TCPA, which prohibits any person from calling a cellular telephone number using an automatic telephone dialing system without prior express consent from the recipient. See 47 U.S.C. § 227(b)(1)(A). Plaintiffs pled facts to establish the requirements of Rule 23 of the Federal Rules of Civil Procedure for the certification of a class action. Docket No. 1 at ¶¶ 68-80.

On November 11, 2020, the parties filed a Joint Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26 (f). Docket No. 34. The parties also moved the Court for the entry of a Protective Order, which was approved on November 12, 2020. Docket No. 36.

On February 18, 2021, Defendant answered Plaintiffs' First Request for Production (Docket No. 41-3) and First Set of Interrogatories (Docket No. 41-4). Plaintiffs were unsatisfied with Defendant's responses to Request for Production Nos. 6, 7, 8, 16, 29 and 32, which sought: all the documents related to the transmission of text messages and their content (Docket No. 41-3 at Request Nos. 6 and 29), including the contact information of the recipient (name, address, email and phone number) and the source where the information was obtained (id. at Request Nos. 7 and 16); the total number of text messages sent (id. at Request No. 8); and a log of the telephone numbers to which text messages were transmitted (id. at Request No. 32). The information provided by Defendant was limited to that of John Fiorentine and Kim Kravitz. Plaintiffs also took issue with Defendant's response to Interrogatory Number 1, which requested the total number of text messages sent, including the date, content and telephone number of the recipient, and a description of the equipment used to obtain, store and send the messages.[1] Again, the information provided by Defendant was limited to that of John Fiorentine and Kim Kravitz. Docket No. 41-4 at pages 3-8. After efforts to confer were exhausted, Plaintiffs filed the Motion to Compel.

## II.   DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) states that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. "This provision has been interpreted to entitle parties to discovery of any matter that bears on any

---

[1] Plaintiffs have requested information as to how the messages were sent, including a description of the equipment used to obtain, store, and send the messages. Pursuant to Sarton's Answer to Interrogatory No. 1, the client's information is sent to their SMS provider, who then sends the message to the telephone number contained in Sarton's file. Sarton clarified that "the technical aspects of the actual message delivery were conducted by a third party". Docket No. 41-4 at page 3. It is unclear to the Court whether this information is *available* to Sarton or whether it must be obtained through a third party. Consistent with this Court's analysis below, discovery regarding the system used to send the messages is subject to discovery under a TCPA claim and should be disclosed by Sarton, if available. If the information is not available to Sarton, the discovery should be sought from the third-party provider.

issue in the case in the absence of privilege." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Under Rule 26(b)(1):

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. […] The key phrase in this definition—"relevant to the subject matter involved in the pending action"—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.

Id. at 350-351(citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

Rule 26 also provides that, on motion or on its own, the extent of discovery otherwise allowed by these rules must be limited by the Court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. See Fed.R.Civ.P. 26(b)(2)(C); Sánchez-Medina v. UNICCO Serv. Co., 265 F.R.D. 29 (D.P.R. 2010).

### A. Pre-Certification Discovery in Class Actions

Rule 23 of the Federal Rules of Civil Procedure requires that factors of numerosity, commonality, typicality, and adequate representation be met as a pre-requisite for class certification. Fed.R.Civ.P. 23(a); see also Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011). Pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure, the court must decide as to class certification "at an early practicable time after a person sues or is sued as a class representative". Fed.R.Civ.P. 23(c)(1).[2] To determine whether the action may proceed as a class action, some discovery must be procured to ascertain whether the requirements of Rule 23 are met. See

---

[2] Subdivision (c)(1)(A) of Rule 23 was amended on December 1, 2003, relaxing to "an early practicable time" the period by which the court should determine class certification. Before the amendment, the text of Rule 23(c)(1)(A) required that the court make such a determination "as soon as practicable". See Willging, Hooper & Niemic, *Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules 26-36* (Federal Judicial Center 1996).

Rodríguez v. Banco Central, 102 F.R.D. 897, 902–05 (D.P.R. 1984) (citing Miller v. Mackey International, 452 F.2d 424, 427 (5th Cir. 1971)). "Accordingly, in most cases discovery into issues relevant to class certification is warranted and appropriate." 1 McLaughlin on Class Actions: Law and Practice at § 3:7 (17th ed. 2020). Courts in this District and elsewhere have thus recognized that pre-certification discovery is often necessary to determine if a class is maintainable and to define the scope of the class. Rodríguez v. Banco Central, 102 F.R.D. at 902 ("some discovery must be procured in order to determine whether the action may proceed as a class action"); see also Pittman v. E.I. du Pont de Nemours & Co., Inc., 552 F.2d 149 (5th Cir.1977); Barnhart v. Safeway Stores, Inc., 1992 WL 443561, at *1–3 (E.D. Cal. Dec. 14, 1992) (citing Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1312 (9th Cir. 1977)); National Organization for Women, Farmington Valley Chapter v. Sperry Rand Corp., 88 F.R.D. 272 (D. Conn. 1980). If the complaint makes a *prima facie* showing that Rule 23 requirements are met or that discovery is likely to substantiate class allegations, pre-certification discovery should be allowed. 1 McLaughlin on Class Actions: Law and Practice at § 3:7. In fact, an important purpose of amending Rule 23(c)(1)(A) to allow certification to occur at "an early practicable time" (rather than "as soon as practicable") was to clarify that discovery prior to class certification was necessary in order to illuminate the parties and the court on issues bearing on certification. Id. As such, precertification discovery should be sufficiently broad so that plaintiffs have a realistic opportunity to meet requirements of the rule governing class certification. See Nash v. City of Oakwood, 90 F.R.D. 633 (S.D. Ohio 1981). Indeed, in some cases, "[t]he propriety of a class action cannot be determined […] without discovery". Doninger v. Pacific Northwest Bell, Inc., 564 F.2d at 1313; Rodríguez v. Banco Central, 102 F.R.D. at 903 (propriety of a class action status can seldom be determined on the pleadings alone).

Ultimately, whether class certification discovery will be permitted lies within the sound discretion of the court. See Doninger v. Pacific Northwest Bell, Inc., 564 F.2d at 1312–13. In analyzing discovery requests in class actions, the court "must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination." Id. "Generally, any information that will shed light on the nature of the claims alleged and the type of proof—generalized, class-wide proof or individualized proof—needed to prove or defend against claims of putative class members" is a proper subject of pre-certification discovery. 1 McLaughlin on Class Actions: Law and Practice at § 3:7.

Fiorentine, *et al.* v. Sarton Puerto Rico, LLC
Civil No. 20-1491 (GAG-GLS)

In the instant case, the Court is called to determine whether Plaintiffs' requests and interrogatory— seeking marketing text messages sent by Defendant, together with the dates, contents, recipient telephone numbers of those text messages and the source where the information was obtained, and a description of the equipment used to obtain, store and send the messages— are directed to establishing the prerequisites of Rule 23 in a class action under the TCPA and whether these requests pose an undue burden for Defendant.

The information sought from Defendant is reasonably calculated to establish Rule 23 requirements for a TCPA class action claim. Generally, in this action under TCPA, Plaintiffs will have to demonstrate that text messages were sent by Defendant (or by others on its behalf), using an automatic dialing system, for the purpose of selling Defendant's products and services, without Plaintiffs' prior express consent. 47 U.S.C. § 227. Plaintiffs claim to be adequate representatives of two putative classes: the "No Consent Class" (individuals who did not provide written consent) represented by Kim Kravitz and the "Do Not Call Registry Class" (individuals registered in the National Do Not Call Registry) represented by John Fiorentine. To comply with the definition of the proposed "Do Not Call Registry Class", Plaintiffs will also have to prove that any such phone numbers were listed in the National Do Not Call Registry for at least thirty (30) days and that the marketing messages at issue were sent to the registered numbers more than once in any twelve (12) month period. Docket No. 1 at ¶ 70. Further, in order to comply with Rule 23 requirements, Plaintiffs must establish numerosity, commonality, typicality and adequate representation in the proposed classes.

Call lists have been deemed relevant to establish the requirements of Rule 23 regarding numerosity and commonality. See Slingerland v. Crisp Marketing, LLC, 2020 WL 1689887, at *2 (S.D. Fla. 2020); Medina v. Enhanced Recovery Co. LLC, 2017 WL 5196093 (S.D. Fla. 2017); Haghayeghi v. Guess?, Inc., 168 F. Supp. 3d 1277 (S.D. Cal. 2016); Thrasher v. CMRE Fin. Servs., Inc., 2015 WL 1138469, at *2 (S.D. Cal. 2015); Gaines v. Law Office of Patenaude & Felix, A.P.C., 2014 WL 3894348, at *2 (S.D. Cal. 2014). To this end, courts often permit discovery of records related to the telephone numbers at issue in TCPA cases. See Katz v. Liberty Power Corp., LLC, 2019 WL 957129 (D. Mass. 2019) (citing Molnar v. NCO Fin. Sys., Inc., 2014 WL 3371414 at *3 (S.D. Cal. 2014) (granting defendant complete and unredacted telephone records, including records of irrelevant calls where plaintiff acknowledged some of calls at issue might not appear on telephone records)); Lucas v. Telemarketer, 2014 WL 12656102 at *2 (S.D. Ohio 2014) (granting

5

motion to compel production of all of defendant's call records from a relevant month). As such, in this case, a log containing the names of the individuals to whom marketing text messages were sent could reasonably be deemed relevant to determine the numerosity requirement.[3] Furthermore, the method used to deliver the message (in this case, a text message or SMS) and the content of the message (if they were sent for marketing purposes) are common questions of fact and law relevant to the commonality requirement.[4] And, in determining typicality, the telephone numbers where the text messages were sent could be relevant to establish, for instance, the relationship between class representative Plaintiff Fiorentine and the members of the Do Not Call Registry class if the phone numbers at issue were all dully registered in the National Do Not Call Registry.

Defendant does not allege that the production of a log containing the messages transmitted, including information such as the date, content and telephone number of the recipient, imposes an undue burden. In fact, per Plaintiffs' allegations, the log is readily available online through a third-party platform and, other than to state that the production of the information could violate its privacy policies (which will be discussed below), Defendant has not raised any objections or concerns that the production of the logs would be unduly burdensome or costly.

Defendant does posit that Plaintiffs waived class action discovery because they did not specifically mention in the Rule 26 (f) Discovery Plan at Docket No. 34, filed on November 11, 2020, that the scope of discovery would include information necessary to certify the class. This argument misses the mark. First, there is no dispute that Plaintiff's pled a *prima facie* class action in the complaint filed in the year 2019. Second, Plaintiffs have actively sought pre-certification discovery since April 2020, when they notified their First Set of Interrogatories and Request for Production to Defendant. And third, Plaintiffs sustain that class discovery will be combined with merits discovery, and they do not intend to bifurcate the process. Docket No. 52.

Finally, Defendant's contention that the discovery sought by Plaintiffs is a fishing expedition is unavailing. Not only is the discovery permissible for purposes of Rule 23 pre-

---

[3] "[C]ourts have permitted discovery of the identity of putative class members were plaintiffs have demonstrated the need for information to establish class certification requirements, such as the numerosity requirement." 1 McLaughlin on Class Actions: Law and Practice at § 3:7 (discussing Drossin v. National Action Financial Services, Inc., 2008 WL 5381815 at *4 (S.D. Fla. 2008).

[4] The "commonality" requirement for class certification is distinct from typicality in that it tests definition of class itself rather than focusing on the relationship between putative class representative and other class members. Fed. Rules Civ. Proc. Rule 23(a)(2)(3).

certification, but there is no indication that Plaintiffs have "anything but a good faith need for […] the purpose of establishing the propriety of class certification." See Youngblood v. Family Dollar Stores, Inc., 2011 WL 1742109, at *4 (S.D.N.Y. 2011) (citing Whitehorn v. Wolfgang's Steakhouse, Inc., 2010 WL 2362981, at *2 n. 2. (S.D.N.Y. 2010)). Indeed, Plaintiffs have suggested the redaction of personal identifying information (Docket No. 52 at page 10), which supports the conclusion that their goal is to obtain discovery for certification and not to recruit class members.

### B. Sarton's Privacy Policies and the Court's Protective Order

Defendant claims that producing the information requested by Plaintiffs would breach its privacy policies. See Policies at Docket Nos. 48-1 to 48-5. However, Defendant does not explain why the Protective Order would fail to protect consumers' private information. Pursuant to the Protective Order, Plaintiffs intended to seek discovery of non-public information of putative class members' files that are subject to personal privacy protection (collectively identified in the Protective Order as "Confidential Information"). Id. at page 1. The Protective Order acknowledges that Confidential Information may contain personally identifying financial information, the publication of which could violate privacy laws or be detrimental to Plaintiffs and putative class members. Id. at page 1. In order to allow the production of such Confidential Information while protecting personal and sensitive information, the parties agreed to very restrictive use and disposition or return of the information labeled as such. See id. at ¶¶ 1, 2, 4, 6, 9, 11, 13, 18.

The *only* information requested by Plaintiffs that could possibly be deemed private is the personal and contact information of the recipients of the texts, that is, the name, address, email and phone number of Defendant's customers. And while this information is certainly private and, pursuant to Sarton's privacy policies may not be divulged to third parties without prior consent, "courts have held that individuals' privacy interests in contact information such as names and addresses is minimal and, thus, not a bar to legitimate discovery requests." Doyon v. Rite Aid Corp., 279 F.R.D. at 43 (citing Youngblood, 2011 WL 1742109, at *4 (disclosure of the names and addresses of potential class members does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy)); Acevedo v. Ace Coffee Bar, Inc., 248 F.R.D. 550, 554 (N.D.Ill.2008).

Moreover, unlike privileged information, the protection afforded to privacy claims is not absolute. See Doyon v. Rite Aid Corp., 279 F.R.D. at 49 (citing Khalilpour v. CELLCO P'ship,

2010 WL 1267749, at *3 (N.D.Cal. 2010)). "In each case, the court must balance the right of privacy asserted against the need for discovery." Id. Further, "[c]ourts have found the entry of a protective order sufficient to safeguard putative class members' privacy interests in their contact information." Id. at 50 (citing Khalilpour, 2010 WL 1267749 at *3 (defendant's concern for the privacy rights of putative class members could be addressed through a protective order)); Acevedo, 248 F.R.D. at 554–55; Putnam v. Eli Lilly & Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007); see also e.g., Mintz v. Mark Bartelstein & Assocs., Inc., 885 F.Supp. 2d 987, 1001 (C.D. Cal. 2012) ("[T]he disclosure of telephone numbers, as well as the date, time, and duration of calls does not represent a significant intrusion of [p]laintiff's privacy."). The information requested by Plaintiffs stems from a genuine need to meet Rule 23 requirements in a TCPA class action claim that would require demonstrating that text messages were sent to numerous plaintiffs without their consent, that all the purported members of the class received such messages from an automatic dialing system, and that the purpose of the messages sent to the putative members was to promote Defendant's goods or services. The need for this discovery certainly outweighs any privacy claim by Defendant, especially considering the protections afforded by the agreed Protective Order.

### III. CONCLUSION

The information requested by Plaintiffs is both relevant and proportional to the legitimate needs of this case, specifically, to demonstrate the propriety of class certification under Rule 23. The information requested is not overly burdensome, and the Protective Order adequately protects Defendant from privacy concerns. Notwithstanding the foregoing, and in the abundance of caution, any personal identifying information should be redacted, as proposed by Plaintiffs.

Plaintiffs' Motion to Compel is **GRANTED**. Defendant must submit its responses to Request Nos. 6, 7, 8, 16, 29 and 32 of Plaintiffs' First Request for Production to Defendant and to Interrogatory No. 1 of Plaintiffs' First Set of Interrogatories to Defendant **in a term not to exceed fifteen (15) days after the entry of this Order**. Confidential documents are to be produced under the terms of the Protective Order and any personal identifying information must be redacted.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of May 2021.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge